STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Vermont Unit | ENVIRONMENTAL DIVISION<br>Docket No. 86-6-14 Vtec |
| Mahan Conditional Use Application | DECISION ON MOTION |

**Decision on Motion for Summary Judgment**

This matter concerns property at 118 South Main Street in the Town of Northfield, Vermont (the Property). Landowner Martha Mahan (Applicant) seeks conditional use approval to convert a pre-existing, nonconforming commercial structure (the Structure) located on the Property in the Residential A Zoning District into offices for real estate management. On May 22, 2014 the Town of Northfield Zoning Board of Adjustment (ZBA) denied the permit. Applicant appealed the ZBA's denial to this Court and filed a Statement of Questions containing three questions. Applicant's Motion for Summary Judgment as to her Question 1 is now before the Court. Also before the Court is a Cross-Motion for Summary Judgment as to Question 1 filed by neighboring landowners' William P. Mayo, Mayo Properties, LLP, Michael C. Curtis, and Darlene R. Goodrich (the Neighbors). Additionally, the Town of Northfield (Town) filed a memorandum in opposition to Applicant's motion for summary judgment and in support of the Neighbors' motion for summary judgment.

Ms. Mahan is represented by Christopher Roy, Esq. Neighbors are represented by L. Brooke Dingledine, Esq. The Town is represented by David W. Rugh, Esq.

**Factual Background**

For the sole purpose of putting the pending motion into context the Court recites the following facts which are undisputed:

1. Martha Mahan and Glen Howard co-own property at 118 South Main Street, Northfield (the Property).

2. The Property is located in the Residential A Zoning District.

1

3. Darlene Goodrich and Michael Curtis own and operate the Margaret Holland Inn at 128 South Main Street, adjacent to the Property. William Mayo, of Mayo Properties LLP, operates a three-unit residential structure adjacent to the Property.

4. There are two structures located on the Property: a four-unit residential structure and a commercial structure (the Structure).

5. Under the Town of Northfield Zoning Bylaws (Bylaws) commercial use of the structure is no longer permitted unless it is a legal pre-existing nonconforming use that has not been abandoned.

6. The Structure served as the main office for Ms. Mahan's wood and millwork business, R.H. Associates and Company (R.H. Associates), until July 2011 when the company's main office was relocated to 81 Freight Yard Way.

7. On October 1, 2013, Ms. Mahan and Mr. Howard filed two zoning applications through applicant John Lambert: one application sought to convert the Structure into three apartments, the other sought to convert it into two apartments and an office. The application for approval of conversion to three apartments was subsequently withdrawn.

8. The ZBA considered the application for two apartments and an office in a hearing on October 24, 2013. At the hearing Ms. Mahan and Mr. Howland testified that the Structure was vacant and had been since R.H. Associates relocated its main office in July 2011. (Minutes of Hearing No. 26541, Oct. 24, 2013). Attorney Dingledine argued on behalf of Mr. Mayo that the Structure's existing commercial use has lost its grandfather status. (Id.).

9. At the close of the hearing, the ZBA voted to deny the application to convert the Structure into two apartments and an office. ZBA Chairman William Smith stated as the basis for denial that the Structure's nonconforming use had been abandoned for more than 12 months. (Id.).

10. The minutes of the October 24 hearing, which reflect the denial of the application and the factual bases for that denial, were approved at the ZBA's December 5, 2013 meeting.

11.  The ZBA did not issue a separate written decision on the application to convert the Structure to two apartments and an office.

12.  Ms. Mahan did not appeal the ZBA's October 24, 2013 decision.

13.  On March 5, 2014 Ms. Mahan filed an application with the ZBA for conditional use approval to convert the Structure to offices for real estate management.

14.  The ZBA considered the application in a hearing on May 22, 2014.  Members of the ZBA stated that based on the October 24, 2013 hearing, they understood that commercial use of the Structure had been abandoned.  (Minutes of Hearing No. 140522-1, May 24, 2014).  Attorney Roy argued on Applicant's behalf that although R.H. Associates had relocated its main office, some machinery, equipment, and materials remained at the Structure; that R.H. Associates continued to make occasional, though infrequent, use of the Structure to access those items; and that a period of 12 continuous months had not lapsed without any such use.  (Id.).  Attorney Dingledine argued on behalf of the Neighbors that the ZBA had already taken testimony and ruled on the abandonment of commercial use of the Structure and that "running a woodworking machine once every couple months does not necessarily constitute business use."  (Id.).

15.  At the close of the hearing the ZBA voted to deny the permit, stating as the basis for denial that the Structure's nonconforming use had been abandoned for more than 12 months.  (Id.).

16.  Ms. Mahan appealed the ZBA's denial, filing a notice of appeal on June 18, 2014 and a three question Statement of Questions on July 8, 2014.

17.  On October 10, 2014 both parties filed motions for partial summary judgment in their favor as to Question 1 of Ms. Mahan's Statement of Questions.  Each party filed a subsequent memorandum in opposition to the other's motion and the Town filed a separate response and memorandum in opposition to Applicant's motion.

### Discussion

The parties both move for summary judgment on Applicant's Question 1, which raises two issues: first, whether the ZBA conclusively determined at the October 24, 2013 hearing that

3

the nonconforming commercial use of the Structure had been abandoned, and second, whether such a finding is final and binding.

A municipal panel's decision is final and binding unless an interested person appeals that decision to this Court. 24 V.S.A. § 4472(d) ("Upon the failure of an interested person . . . to appeal to the Environmental Division under section 4471 of this title, all interested persons affected shall be bound by . . . the decisions of the [municipal] panel . . . and shall not thereafter contest, either directly or indirectly, the . . . decision of the panel in any proceeding . . . .").

The Neighbors argue that Ms. Mahan's testimony at the October 24 hearing is binding in the pending appeal. Ms. Mahan argues that at the October 24, 2013 hearing the ZBA failed to conclusively determine whether the nonconforming use was or was not abandoned, and that furthermore, the ZBA's decision on the October 2013 application does not, as a matter of law, preclude litigation of the question in the application now pending. We address each motion in turn.

## I.      Summary Judgment Standard

Pursuant to Rule 56(a) of the Vermont Rules of Civil Procedure (V.R.C.P.), a party seeking summary judgment must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). When considering cross-motions for summary judgment, the court considers each motion individually and gives the opposing party the benefit of all reasonable doubts and inferences. City of Burlington v. Fairpoint Commc'ns, Inc., 2009 VT 59, ¶ 5, 186 Vt. 332. The court also accepts as true all factual allegations made in opposition to a motion for summary judgment, so long as they are supported by "specific citations to particular parts of materials in the record." V.R.C.P. 56(c)(1)(A). Furthermore, we must give the benefit of all reasonable doubt to the non-moving party. The Court may also grant summary judgment on grounds other than those raised by the parties. V.R.C.P. 56(f)(2). The Court may only do so, however, after giving notice and a reasonable time to respond.

## II.      Applicant's Motion for Summary Judgment

In her motion for summary judgment, Ms. Mahan argues that she is entitled to a judgment as a matter of law because the ZBA neither conclusively determined whether the

Structure's nonconforming use had been abandoned nor issued a final decision on the October 1, 2013 application. For this reason, she contends that the successive application doctrine[1] does not preclude consideration of whether the Structure's grandfathered status has been lost as it pertains to the March 5 application because the ZBA's decision on the October 1 application was not final.

The successive application doctrine generally prevents a municipal panel from entertaining "a second application concerning the same property after a previous application has been denied, unless a substantial change of conditions ha[s] occurred or other considerations materially affecting the merits' of the request have intervened between the first and second application." In re Carrier, 155 Vt. 152, 158 (1990) (quoting Silsby v. Allen's Blueberry Freezer, Inc., 501 A.2d 1290, 1295 (Me. 1985)). Even without substantial changes, a second application is not necessarily precluded if it is based on new information that was unavailable at the time of the first application. In re Woodstock Comm. Trust and Housing Vermont PRD, 2012 VT 87, ¶ 7, 192 Vt. 474.

Despite the general rule limiting successive applications, Ms. Mahan contends that the successive application doctrine does not preclude consideration of the March 5 application because there was no formal decision denying the October 1 application, because she was not afforded a full and fair opportunity to litigate the issue, and because barring her second application would be unfair. In its memorandum in response to Ms. Mahan's motion, the Town argues that not only did the ZBA render a final judgment on the October 1 application, but that the issue of whether the Structure's nonconforming use was abandoned was conclusively determined at the October 24 hearing.

As a primary matter, Ms. Mahan alleges that the ZBA failed to issue a final decision on the October 1 application. In its response to Ms. Mahan's motion, the Town argues that the ZBA issued a written decision on the application in the minutes of the hearing, which were approved at the December 5, 2013 ZBA meeting. Pursuant to Bylaw § 2.10(A), the minutes may serve as the final record of decision in the matter, "provided the factual bases and conclusions

---

[1] Ms. Mahan asserts "issue preclusion" or the "doctrine of collateral estoppel" as the basis for granting her permit. We use the term "successive application doctrine" in the context of zoning applications. See In re Armitage, 2006 VT 113, ¶4, 181 Vt. 241.

relating to the review standards are provided in conformance with this subsection." See 24 V.S.A. § 4464(b)(1) ("Decisions shall be issued in writing and shall include a statement of the factual bases on which the appropriate municipal panel has made its conclusions and a statement of the conclusions. The minutes of the meeting may suffice, provided the factual bases and conclusions relating to the review standards are provided in conformance with this subsection.").

It is undisputed that the ZBA held a hearing on October 24, during which it voted to deny the application to convert the Structure to two apartments and one office, and that the minutes of the meeting were affirmed by the ZBA on December 5. As represented in the minutes, the ZBA concluded, based on statements from both Ms. Mahan and Attorney Dingledine, that the Structure's nonconforming use could not be re-established under Bylaw § 4.06(B)(1) because it had been discontinued for a period of 12 months. The ZBA therefore clearly satisfied the requirements under Bylaw § 2.10(A) and their decision on the October 1 application is final.

As to Ms. Mahan's assertion that she was not afforded a full and fair opportunity to litigate the issue of whether the Structure's nonconforming use had been abandoned, she relinquished any opportunity to contest the matter by failing to appeal the ZBA's decision under 24 V.S.A. § 4471. If by "vacant" Ms. Mahan intended to infer that R.H.'s main office had been relocated, and not that all use of the Structure had been abandoned, the opportunity to clarify her meaning lapsed 31 days after the date of the ZBA's decision. 24 V.S.A. § 4472(d). Ms. Mahan's failure to appeal the ZBA's decision on the October 1 application under 24 V.S.A. § 4471 binds her to both the decision and the provisions therein. She is therefore precluded from contesting the decision or provisions therein, including the ZBA's conclusion that the Structure's nonconforming use had been abandoned. For this reason, we **DENY** Ms. Mahan's motion for summary judgment.

III.    **The Neighbor's Motion for Summary Judgment**

The Neighbors move for summary judgment on Applicant's Question 1. Question 1 asks whether the ZBA conclusively determined at the October 24, 2013 hearing that the nonconforming commercial use of the Structure had been abandoned, and if so, whether such

6

a determination is final and binding under 24 V.S.A. § 4472. We will grant summary judgment if justified by the Neighbors' motion and the undisputed facts.

In their motion for summary judgment, the Neighbors contend that Applicant testified before the ZBA at the October 24, 2013 hearing that the Structure had not been used for commercial purposes and remained vacant for 2 ½ years. Neighbors relied on this testimony to argue at that hearing that her commercial use of the Structure was abandoned. Accordingly, the Neighbors assert that under Bylaw § 4.06(B)(1) Applicant cannot reestablish a commercial use in a district where commercial uses are neither permitted nor conditional uses. Section 4.06(B)(1) allows a nonconforming use to be continued indefinitely but "[s]hall not, under any circumstances, be re-established if such use has been discontinued for a period of 12 months."

The Neighbors support this assertion with testimony and minutes from the October 24 hearing, in which Applicant undisputedly testifies as to the Structure's vacancy for a period of at least 12 months. The Neighbors fail, however, to assert that the ZBA conclusively determined that the Structure's nonconforming use had been abandoned or that the ZBA issued a final decision on the October 1, 2013 application based on this finding. They do not offer the minutes of the October 24 hearing, which serve as a final record of decision in the matter under Bylaw § 2.10(A), and which indicate the basis of the ZBA's denial of the October 1 application. Applicant's testimony at the October 24 hearing, with nothing more, is not sufficient to support granting summary judgment in Neighbors' favor.

In its memorandum in response and opposition to Applicant's motion for summary judgment, the Town, however, asserts that at the October 24 hearing the ZBA conclusively determined that pursuant to Bylaw § 4.06(B)(1), the Structure's nonconforming use had been abandoned and that the ZBA issued a decision serving as a final record in the matter. To support these assertions, the Town offers the transcript from the October 24 hearing, the minutes of that hearing as approved by the ZBA on December 5, 2013, and an affidavit from the Town's Zoning Administrator attesting to these events. It is clear from the minutes that the ZBA conclusively determined that the relocation of R.H. Associates main office triggered a period of non-use that lasted for at least 12 months and that Applicant was not, therefore, entitled to reestablish commercial use of the Structure. Furthermore, it is clear from the Zoning

7

Administrator's affidavit that these minutes, which were approved at the ZBA's December 5 meeting, serve as a final and binding record of the ZBA's decision. It is undisputed that this decision was never appealed. As a result, the question of whether Applicant in fact abandoned the commercial use of her property is irrelevant. By failing to appeal the ZBA's decision that it had been abandoned, Applicant is bound by that decision. 24 V.S.A. § 4471.

To the extent the Neighbors rely on Applicant's testimony that the Structure has been vacant since July 2011 to support their motion for summary judgment, they fail to address the legal issues raised by Applicant's Question 1 and are not entitled to a judgment as a matter of law. A court may, however, grant a motion for summary judgment on legal or factual grounds the moving party has failed to raise after giving notice and a reasonable time to respond. V.R.C.P. 56(f)(2). As such, the Court believes that summary judgment for the Neighbors is warranted as to Question 1, not for the reasons stated in their motion, but rather on the grounds offered in the Town's memorandum.

### Conclusion

Both parties move for summary judgment on Applicant's Question 1, which asks whether the ZBA conclusively determined that the Structure's nonconforming use had been abandoned for a period greater than 12 months, as established under Bylaw § 4.06(B)(1), and whether the ZBA had issued a final decision on Applicant's October 1, 2013. Although Applicant asserts that the ZBA's decision on the October 1 application was not final and therefore not binding on her subsequent application, the ZBA's minutes on the October 24 hearing, approved by the ZBA, serve as the final record of decision in the matter. As such, Applicant's failure to appeal the ZBA's decision on the October 1 application binds her to both the decision and the provisions therein and precludes her from contesting the decision or provisions therein, including the ZBA's conclusion that the Structure's nonconforming use has been abandoned. For this reason, we **DENY** Ms. Mahan's motion for summary judgment as to Question 1.

Although the Neighbor's fail to address the legal issues raised in Question 1 and thereby show that they are entitled to a judgment as a matter of law, we intend to **GRANT** summary judgment, pursuant to V.R.C.P. 56(f)(2), in their favor on the alternate grounds argued by the Town. Furthermore, because the ZBA's decision on the October 1 application is binding, both

8

as to the decision and the provisions therein, we intend to **GRANT** summary judgment, pursuant to V.R.C.P. 56(f)(3), in the Neighbors favor as to the remaining Questions 2 and 3, both of which are resolved by the finality of the ZBA's conclusion that the Structure's nonconforming use has been abandoned.

The parties have **30 days from the date of this decision in which to respond** to the Court's intent to grant summary judgment in the Neighbor's favor on Questions 1, 2, and 3.

Electronically signed on February 19, 2015 at 03:26 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division